## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEAN B. GERMAIN                          *

Plaintiff                                *

v                                        *          Civil Action No. JFM-15-1885

FRANK BISHOP, JR., et al.                *

Defendants                               *
                                       ***

### MEMORANDUM

Pending is defendants' court-ordered response (ECF 8) as supplemented (ECF 10) to plaintiff's motion for preliminary injunction (ECF 3 and 5), alleging he has been denied access to courts and deprived of legal documents relating to his criminal conviction.  Upon review of the claims asserted, defendants' response, and plaintiff's reply thereto (ECF 9),  and for the reasons stated below, plaintiff's request for injunctive relief shall be denied as moot and the complaint dismissed.

### Background

Plaintiff filed a petition for post-conviction relief in the Circuit Court for Prince George's County, which was docketed on December 9, 2012. ECF 1 at p. 5.  On June 10, 2015, plaintiff wrote an amended petition and asked his case manager to copy the relevant portion of his sentencing transcript by placing it in the case manager's mail box, located on the tier.  Plaintiff wanted to get the material in the mail box prior to 6 am so his case manager would have it back to him by 6:30 am. *Id.* at p. 6.  At 11:45 pm plaintiff claims Officer Parsons was conducting the tier walk and plaintiff asked Parsons to put his papers for copy work into his case manager's mail box.  Parsons agreed to do so, but instead of doing so he walked off the tier with all of the paperwork. *Id* at p. 7.

In the response to show cause, counsel for the Division of Correction provide a declaration under oath from Officer Parsons stating he never withheld or failed to forward any of plaintiff's copy requests. ECF 8 at Ex. 3. Additionally, Case Manager Charlotte Zies also provides a declaration under oath and explains that plaintiff's request for copies related to his post-conviction case were in fact received on January 1, 2015. *Id.* at Ex. 4 and 5. Because the copies requested were so numerous and involved double-sided documents, assistance from clerical staff was required. *Id.* at Ex. 5. Copies of the legal materials were provided to plaintiff on January 7, 2015, and the transcript excerpts, which are the subject of the instant motion for preliminary injunction, were filed with the Circuit Court for Prince George's County. *Id.* at Ex. 1, p. 7. In the supplemental response to show cause, counsel states that copies of the trial transcripts filed in plaintiff's post-conviction case were obtained by the Attorney General's office and provided to plaintiff. ECF 10.

In this court's order of July 6, 2015, plaintiff's claim regarding the warden's policy which requires indigent inmates to pay for certified mail delivery fees once there is money in their accounts to pay for it, was dismissed. ECF 4. In his amended motion for preliminary injunction (ECF 5), plaintiff seeks an injunction prohibiting defendants from requiring him to bear the expense of sending out legal mail by certified mail. Specifically, plaintiff argues that if he is required to use regular mail to send a notice to the State Treasurer under the Maryland Tort Claims Act (MTCA) and the treasurer does not acknowledge receipt of the claim, he is obstructed from pursuing the claim. *Id.* at p. 2. Plaintiff's assertion is without merit. He has presented no evidence or viable argument regarding why he should not bear the cost of certified mail delivery when it is his choice to utilize that method of delivery. There is nothing in the constitution that guarantees plaintiff free certified mail at the expense of the state simply because

he is incarcerated.  Moreover, the challenged policy does not deny plaintiff the use of certified

mail at times where certified mail is required by court rules. *See* ECF 5-1 at pp. 17 – 18.   The

motion to amend the motion for preliminary injunction (ECF 5) shall be denied.

### Analysis

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553

U.S. 674, 689-90 (2008).  To obtain a preliminary injunction, a movant must demonstrate:  1)

that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the

absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an

injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc*, 555

U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d

342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant

part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Article III of the Constitution limits the judicial power to "actual, ongoing cases or

controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477(1990) (citations omitted).  A

case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally

cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287(2000)

(quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  Where injunctive or

declaratory relief is requested in an inmate's complaint, it is possible for events occurring

subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952

F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for

injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243,

248–49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee

v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered

moot his claim for injunctive relief). Section 1983 actions seeking injunctive and/or declaratory relief have been declared moot when the practices, procedures, or regulations challenged were no longer in use. *See, e. g., Tawwab v. Metz*, 554 F.2d 22 (2d Cir. 1977); *Bradley v. Judges of Superior Court*, 531 F.2d 413 (9th Cir. 1976); *Shimabuku v. Britton*, 503 F.2d 38 (10th Cir. 1974); *Locke v. Board of Public Instruction*, 499 F.2d 359 (5th Cir. 1974); *Wilkinson v. Skinner*, 462 F.2d 670 (2d Cir. 1972*); Uzzell v. Friday*, 401 F.Supp. 775 (M.D.N.C.1975), aff'd in pertinent part, 547 F.2d 801 (4th Cir. 1977); *Rappaport v. Little League Baseball, Inc.*, 65 F.R.D. 545 (D.Del.1975).

## Analysis

Plaintiff's request for injunctive relief with respect to his trial transcripts was made moot when he was provided with copies of those documents. To the extent that the policy regarding fees for certified mail was not, on one occasion, followed by correctional staff when plaintiff attempted to effect service of process through the use of certified mail, no actual injury has been established. Further, at the time the complaint was filed, plaintiff had not exhausted administrative remedies. That claim shall be dismissed without prejudice.

A separate order follows.

1/12/15

Date

/s/

J. Frederick Motz
United States District Judge

4